Order (Dismissal)
On August 10, 2015, Appellants General Council Agency, Michael Sallaway, Roberta Funmaker, Muriel Whiteagle-Lee, Rosetta Hunt and Mary Lopez, by and through their attorney John Swimmer, filed a Notice of Appeal with the Ho-Chunk Nation Supreme Court. Appellants appealed two (2) Trial Court orders issued on September 17, 2014, and June *116 12, 2015, respectively. On August 20, 2015, the Ho-Chunk Nation Supreme Court accepted the appeal and established a briefing schedule, stating “[t]hat the briefs should be filed in accordance with HCN Rules of Appellate Procedure, Rule 12.” Order (Accepting Appeal), SU 15-09 (HCN S.Ct., Aug. 20, 2015) at 2. Appellants filed a written brief on September 16, 2015. See General Council Agency Plaintiff-Appellants’ brief, SU 15-09 (Sept. 16, 2015).
HCN Rules of Appellate Procedure, Rule 12 states in its entirety:
Rule 12. Time for Filing Briefs and Memoranda
Within thirty (30) calendar days of filing the Notice of Appeal, or within such longer time as the Supreme Court shall allow, the Appellant shall file a written brief. An original and three (3) copies shall be filed with the Supreme Court Clerk and one (1) additional copy shall be served upon or mailed to each other party or his/her counselor or attorney. The Appellees shall have a thirty (30) calendar days after receipt of the brief within which to file a Response Brief A Reply Brief may be filed by the Appellant within ten (10) calendar days of the receipt of the Appellee’s Response.
The plain language of this rule is clear. Appellants must file a written brief within thirty (30) calendar days of filing the Notice of Appeal. Here, the Notice of Appeal was filed on August 10, 2015. The thirtieth day for filing Appellants’ brief fell on September 9, 2015. However, their brief was filed on September 16, 2015. Appellants’ brief was filed late.
The consequence of a late filed brief is potential dismissal. See, e.g., Steve Camden v. Game Financial Corp. et al., SU 01-13 (HCN S.Ct., Dec. 8, 2001) (granting motion to dismiss for failure to file a timely brief). HCN Rules of Appellate Procedure, Rule 13(b) states, in pertinent part: “[a]n appeal may be dismissed if the Appellant does not file the written brief, reply or respond within the allotted time period.” However, Rule 10(b) states: “[t]here shall be no extension of time limits contained in these rules unless the moving party demonstrates unforeseen or emergency circumstances;” see also Daniel Topping v. Georgette Martin et al., SU 11-05, 2011 WL 12961706 (HCN S.Ct., Oct. 27, 2011) (addressing the proper manner of seeking a continuance).
Furthermore, the Ho-Chunk Nation Supreme Court has held that good cause must be established regarding a late brief filing. In 2006, the Supreme Court denied a motion for a filing extension for failure to demonstrate good cause regarding a late brief. The Court relied on the attorney’s “actual knowledge of proceedings and the failure to allege, let alone demonstrate good cause why no brief was filed in this case in a timely manner” in denying the motion. Nicholas Joseph Kendrowski v. Sharon Whitebear et al., SU 05-12 (HCN S.Ct., Feb. 13, 2006) at 2.
While HCN R.App. P. 13(b) does allow judicial discretion, case precedent, analyzed in conjunction with HCN R.App. P. 10(b), requires that the party must demonstrate good cause for the late filing by demonstrating unforeseen or emergency circumstances. Appellants have not provided good cause for the late filing. Appellants are a represented party. Their attorney has knowledge of the proceedings and access to the appellate rules as they are posted on the Ho-Chunk Nation website or could be requested by calling or visiting the court. Additionally, Appellants and their attorney were clearly directed to the applicable rule in the briefing schedule set by the Order (Accepting Appeal). If the timing was unclear to Appellants, no clarification was requested by *117 Appellants’ counsel regarding the briefing deadline. Furthermore, the Appellants did not incorporate any explanation or request for consideration stemming from potential emergency or unforeseen circumstances with the late filing. Appellants were silent in their late brief submission. Simple confusion regarding the deadline does not amount to “good cause” nor does a misunderstanding of the applicable rule constitute “good cause.” Appellants submitted a brief after the thirtieth day without demonstrating unforeseen or emergency circumstances, thereby rendering it a late filing without a showing of good cause.
Because Appellants have failed to timely file their brief as stated in the Order (Accepting Appeal) and failed to demonstrate good cause for the late filing, this Court reaches the inescapable conclusion that this matter must be dismissed.
EGI HESKEKJET.